David M. deRubertis, Esq. (State Bar No. 208709)
  david@derubertislaw.com
**THE DERUBERTIS LAW FIRM, PLC**
4219 Coldwater Canyon Avenue,
Studio City, CA 91604
Telephone: (818) 761-2322
Facsimile: (818) 761-2323
david@derubertislaw.com

Joseph Lavi, Esq.  (State Bar No. 209776)
  jlavi@lelawfirm.com
N. Nick Ebrahimian, Esq. (State Bar No. 219270)
  nebrahimian@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
  jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 Olympic Blvd., Suite 200
Beverly Hills, California  90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
jlavi@lelawfirm.com

Attorneys for Plaintiff Jesus Leyva on behalf of himself and others similarly situated.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LEYVA on behalf of himself and others similarly situated.<br><br>PLAINTIFF,<br><br>vs.<br><br>MEDLINE INDUSTRIES, INC., a California Corporation; and DOES 1 to 50, Inclusive.<br><br>Defendants. | Case No.:  CV 11-00164-RGK-MAN<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF COSTS AND FEES AND ENHANCEMENT PAYMENT**<br><br>Date: August 4, 2014<br>Time: 9:00a.m.<br>Courtroom: Hon. R. Gary Klausner, United States District Judge |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................... 1

II. CLASS NOTICE AND CLASS RESPONSE TO THE PROPOSED
SETTLEMENT ......................................................................................... 2

    A. The Notice To The Class ............................................................... 2

    B. Simpluris Received Five Hundred Twenty Valid Claims Which
Constitutes 79 Percent Of The Available Net Settlement Fund
With An Average Payment of $1,642.33 ...................................... 3

    C. No Objections Or Requests For Exclusion Have Been Received ............ 3

    D. For Its Services, Simpluris Anticipates Fees To Total $25,000 ............... 3

III. THE SETTLEMENT MERITS FINAL APPROVAL ............................ 4

    A. The Strength of Plaintiff's Case .................................................... 5

    B. The Risk, Expense, Complexity and Likely Duration of Further
Litigation ........................................................................................ 6

    C. The Risk of Maintaining Class Action Status Throughout Trial ............. 7

    D. The Amount Offered in Settlement ............................................... 7

    E. The Extent of Discovery Completed and the Stage of the
Proceedings .................................................................................... 7

    F. The Experience and Views of Counsel ......................................... 8

    G. The Reaction of Class Members to the Settlement ....................... 9

IV. COSTS, FEES, AND ENHANCEMENT PAYMENT ............................ 9

    A. The Amount Of Fees Sought By Plaintiff Is Slightly Over The
Benchmark Rate of 25% In Common Fund Cases ....................... 9

    B. There Is Justification For The Slight Upward Adjustment Of
The Benchmark Rate From 25% to 29.0625% ........................... 10

    C. The Amount Of Fees Requested By Plaintiff Is Also

Reasonable Based On A Lodestar Analysis ........................................... 11

V.   THE AMOUNT OF ENHANCEMENT PAYMENT REQUESTED BY PLAINTIFF IS REASONABLE ...................................................................... 12

VI.  CONCLUSION ................................................................................................ 13

MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF COSTS AND FEES AND ENHANCEMENT PAYMENT

ii

# TABLE OF AUTHORITIES

Page

### Federal Cases

*In re Beverly Hills Fire Litigation,*
  639 F.Supp. 915 (E.D. Ky. 1986) ................................................................. 12

*In re Cendant Corp., Derivative Action Litigation*,
  232 F. Supp.2d 327 (D. N.J. 2002) ................................................................. 7

*In re Cendent Corp. PRIDES Litigation*,
  243 F.3d 722 (3d Cir. 2001) ......................................................................... 12

*Class Plaintiffs v. City of Seattle,*
  955 F.2d 1268 (9th Cir. 1992) ....................................................................... 4

*Craft v. County of San Bernardino,*
  624 F.Supp.2d 1113 (C.D. Cal. 2008) .................................................... 11, 12

*Glass v. UBS Financial Services, Inc.*,
  2007 U.S. Dist. LEXIS 8476, 2007 WL 221862 (N.D. Cal. Jan. 26,
  2007) ............................................................................................................ 10

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) .................................................................... 4, 9

*In re Immune Response Securities Litigation,*
  497 F. Supp.2d 1166 (S.D. Cal. 2007) ........................................................... 7

*In re Lifelock, Inc. Marketing and Sales Practices Litigation*,
  No. 08-1977, 2010 U.S. Dist. LEXIS 102612, 2010 WL 3715138 (D.
  Ari. Aug. 25, 2010) ........................................................................................ 9

*Linney v. Cellular Alaska Partnership*,
  Nos. 96-3008, 97-0203, 97-0425, 97-0457, 1997 U.S. Dist. LEXIS
  24300, 1997 WL 450064 (N.D. Cal. July 18, 1997) ..................................... 8

*In re Merry-Go-Round Enterprises, Inc.,*
  244 B.R. 327 (Bankry D. Md. 2000) ........................................................... 12

MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF COSTS AND FEES AND ENHANCEMENT PAYMENT

iii

*Molski v. Gleich,*
  318 F.3d 937 (9th Cir. 2003) ......................................................................................... 4

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................. 4, 7

*In re Pacific Enterprises Security Litigation,*
  47 F.3d 373 (9th Cir. 1995) ..................................................................................... 9, 10

*Paul, Johnson, Alston & Hunt v. Graulty*
  886 F.2d 268 (9th Cir. 1989) .................................................................................. 9, 10

*Reynolds v. National Football League,*
  584 F.2d 280, 287 (8th Cir. 1978) .............................................................................. 9

*In re Rite Aid Corp. Sec. Litigation*,
  146 F.Supp.2d 706 (E.D. Pa. 2001) .......................................................................... 12

*In re Rite Aid Corp. Sec. Litigation*,
  362 F.Supp.2d 587 (E.D. Pa. 2005) .......................................................................... 12

*Rodriguez v. West Publishing Corp.,*
  563 F.3d 948 (9th Cir. 2009) .................................................................................... 13

*Singer v. Becton Dickinson and Co.,*
  No. 08-CV-821, 2010 U.S. Dist. LEXIS 53416, 2010 WL 2196104
  (S.D. Cal. June 1, 2010) ........................................................................................... 11

*Six Mexican Workers v. Arizona Citrus Growers*,
  904 F.2d 1301 (9th Cir. 1990) ................................................................................ 9, 10

*Staton v. Boeing,*
  327 F.3d 938 (9th Cir. 2003) ..................................................................................... 9

*Steiner v. American Broadcasting Co.,*
  248 Fed.Appx. 780 (9th Cir. 2007) .......................................................................... 12

*Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.,*
  No. 03-4578, 2005 WL 123926 (E.D. Pa. May 19, 2005) ...................................... 12

*In re Syncor ERISA Litigation,*
  516 F.3d 1095 (9th Cir. 2008) ....................................................................................

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) .................................................................................. 4

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) ....................................................... 4, 8, 10, 11

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...................................................................... 9, 10

*West v. Circle K. Stores, Inc.*,
    No. 04-0438, 2006 U.S. Dist. LEXIS 767558 (E.D. Cal. Feb. 14, 2006) ............. 8

*Wren v. RGIS Inventory Specialists*,
    No. 06-05778, 2011 U.S. Dist. LEXIS 38667, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............................................................................................. 12

MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF COSTS AND FEES AND ENHANCEMENT PAYMENT

v

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION.**

On or about October 29, 2010, Plaintiff filed the original Complaint in California Superior Court for San Bernardino County, Case No. CIVDS 1015046, captioned *Leyva v. Medline Industries, Inc.* On January 26, 2011, Defendant removed the action to the U. S. District Court for the Central District of California. On August 15, 2011, the United States District Court for the Central District of California denied class certification in this action.

On October 20, 2011, Plaintiff appealed the denial of class certification. On May 28, 2013, the Ninth Circuit Court of Appeals reversed the order denying class certification and remanded with directions for the district court to grant the motion for class certification. On August 1, 2013, the District Court granted Plaintiff's Motion for Class Certification.

After discovery, appeal, and certification of the class, the parties agreed to a settlement. Pursuant to the Settlement, Defendant agreed to pay a Gross Settlement Amount of up to One Million Six Hundred Thousand Dollars ($1,600,000) on a claims-made basis. From the Gross Settlement Amount, Plaintiff and Plaintiff's Counsel will seek $465,000 for attorney's fees, $17,000 for litigation costs, an enhancement payment of $5,000 for Plaintiff, $2,000 to be paid to the Labor & Workforce Development Agency, and costs associated with giving notice to Class Members not to exceed $25,000. These deductions leave $1,086,000 as the maximum potential Net Settlement Amount. Defendant will pay a minimum of 50 percent of the Net Settlement Amount. Any unclaimed amount in excess of 50 percent shall be the exclusive property of Defendant. In the event that the Class Members' claims do not exceed 50 percent, the Claims Administrator, Simpluris, will proportionately increase the individual settlement payments for each participating Class Member up to 50 percent of the Net Settlement Amount.

On March 10, 2014, as a result of the Settlement Agreement, Plaintiff filed a First Amended Complaint, seeking damages, penalties, restitution, injunctive relief, costs, attorney fees, and any further relief deemed appropriate by the Court on the basis that Defendant failed to pay overtime and double-time at the proper rate, failed to pay minimum wages due for all time worked, failed to pay overtime and double-time wages, failed to provide accurate wage statements, failed to timely pay all final unpaid wages, and violated California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

On March 31, 2014, the Court granted preliminary approval of the Class Action Settlement. Plaintiff now seeks Final Approval and Judgment in this action. Plaintiff now moves under Rules 23(e) and (h) of the Federal Rules of Civil Procedure for final approval of the Settlement and for an award of costs and fees and an enhancement payment. As set forth below, the Settlement is fair, adequate and reasonable, and the amounts of costs and fees and enhancement payment requested by Plaintiff are reasonable. Plaintiff respectfully requests that the Court grant final approval to the Settlement and award Plaintiff the full amount of costs and fees and enhancement Payment requested.

## II. CLASS NOTICE AND CLASS RESPONSE TO THE PROPOSED SETTLEMENT.

### A. The Notice To The Class.

Following the Court's granting of preliminary approval, Third Party Administrator Simpluris, Inc. set up a toll-free number to remain in operation through the settlement process for any inquiries. (Salinas Decl. ¶ 4.) On April 24, 2014, after updating the mailing addresses through the NCOA, Notice Packets were mailed via First Class Mail to eight hundred and eighty-seven (887) Class Members contained in the Class List via First Class mail. (Salinas Decl. ¶¶ 5-8.) Simpluris performed skip-traces on those Notice Packets returned as undeliverable and promptly mailed Notice Packets to those ninety-five (95) updated addresses with

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

**2**

twenty-five (25) notices ultimately undeliverable. (Salinas Decl. ¶ 9.) As of July 3, 2014, Simpluris has received one hundred and forty-five (145) remail requests which Simpluris promptly responded and Simplurs mailed reminder post-cards to the five hundred fifty-eight (558) Class Members who had not responded to the initial mailing. (Salinas Decl. ¶¶ 10-11, Ex. B.)

### B. Simpluris Received Five Hundred Twenty Valid Claims Which Constitutes 79 Percent Of The Available Net Settlement Fund With An Average Payment of $1,642.33.

As of July 3, 2014, Simpluris has received claims from five hundred and thirty-five (535) Class Members. (Salinas Decl. ¶ 12.) Of those, five hundred and twenty (520) are timely and seven (7) are late. *Id.* If a Class Member filed a Claim Form with a curable deficiency, Simpluris mailed the Class Member a notice providing information on how to cure the deficiency and provided fifteen (15) day to cure the deficiency. *Id.* As of July 3, 2014, seven (7) claims are deficient. *Id.* Simpluris is corresponding with the Class Members to cure the deficiencies.

As of July 3, 2014, five hundred and twenty (520) Class Members have claimed 79% of the Net Settlement Amount, *i.e.*, $854,012.69 of $1,086,000.00 claimed. (Salinas Decl. ¶ 13.) Accordingly, the average payment to these class members is approximately $1,642.33 with a high payment of $4,178.79. *See id.*

### C. No Objections Or Requests For Exclusion Have Been Received.

As of July 3, 2014, Simpluris has not received any objections or requests for exclusions/opt-outs. (Salinas Decl. ¶¶ 14-15, Ex. C.)

### D. For Its Services, Simpluris Anticipates Fees To Total $25,000.

Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, is $25,000.00. (Salinas Decl. ¶ 17.) Simpluris' work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments. (*Id.*)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

3

## III. THE SETTLEMENT MERITS FINAL APPROVAL.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cots, and rigors of formal litigation. *Van Bronkhorst v. Safeco Corp.,* 529 F. 2d 943, 950 (9th Cir. 1976).

Rule 23(e)(2) of the Federal Rules of Civil Procedures provides that a court may approve a settlement of a class action when it finds that the settlement is "fair, reasonable, and adequate." The following factors are relevant to this determination: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the consideration offered in settlement; 5) the extent of discovery completed, and the stage of the proceedings; 6) the experience and views of counsel; and 7) the reaction of the class to the proposed settlement. *Molski v. Gleich,* 318 F.3d 937, 953 (9th Cir. 2003); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In this case, each of these factors weights in favor of granting final approval to the Settlement.

### A. The Strength of Plaintiff's Case.

Assessing the strength of a plaintiff's case involves weighing the merits against the settlement amount and potential recovery. *Van Bronkhorst,* 529 F.2d at 950.; *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 488 (E.D. Cal. 2010). However, in balancing these factors, "a proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). A district court need not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in the litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

**4**

Here, as shown below, the proposed settlement terms compare favorably to the uncertainties associated with continued litigation. The parties engaged in extensive discovery, conducted themselves in informed, good faith arm's-length negotiations with adequate access to necessary information, and did so with the assistance of a professional mediator experienced in wage and hour class action litigation, Jeffrey Krivis. Moreover, Class Counsel and Defendant's counsel are experienced in employment class action matters and are capable, and have assessed the claims' strengths and weaknesses, the benefits of the Settlement in a private, consensual agreement.

The proposed Settlement commits Defendant to (i) a maximum $1,600,000 settlement amount, (ii) payment of all claims administration costs (up to $25,000); (iii) payment of a court approved Class Representative Enhancement Payment (up to $5,000); (iv) payment of court approved Class Counsel Fees (up to $465,000); (v) payment of court approved Class Counsel Fees (up to $17,000), is adequate and within the acceptable range of reasonableness. These results are the product of informed, arm's length negotiations which factored in: (1) the comprehensive claims investigation conducted; (2) Defendant's available legal and factual grounds for defending the claims; (3) the risks, expenses and likely duration of further litigation; (4) the cash payment considered in light of possible defenses, to adequately and fairly provide for the alleged damages to the Class Members; (5) the burdens of proof necessary to establish liability; and (6) the probability of appeal of a favorable judgment balanced against the merits of the Plaintiff's claims.

The Rounding Class consisted of 311 people, the Bonus/OT class consisted of 872 people, the Waiting Time Penalty Class consisted of 359 people, and the Wage Statement Class consisted of 828 people. (Lavi Decl. ¶ 15.) The analyzed punch card analysis showed the following results:

| | |
|---|---|
| Total unpaid hours | 36,121 |
| Total overpaid hours | 4,161 |
| Net unpaid hours | 31,960 |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

5

| | |
|---|---|
| Regular unpaid hours | 259 |
| Overtime unpaid hours | 31,701 |
| Underpaid hours due to meals | 9,937 |
| Average rate of pay | $12.65 |

Based on this data, Plaintiff estimated the following damages for the class period:

1. **Regular Rate**
   OT   [($7,196,742)/( 3,336,143)] X 1.5 X 338,052= $1,093,870.00
   DT   [($7,196,742)/( 3,336,143)] X 2.0 X 8,430  =$36,370.00
   **Total:**            **$1,134,240.000**

2. **Rounding**
   259 underpaid hours X $12.65=$3,276
   31,701 underpaid hours X 1.5 X $12.65= **$601,526.00**

3. **Labor Code § 203**
   457 (former employees) X 8 X 30 X $12.65=**$1,387,452.00**

4. **Labor Code § 226**
   410 (current employees) X $4,000=**$1,640,000.00**

As such, the maximum potential exposure excluding attorneys' fees, cost and interest is approximately $4,731,452.00. (Lavi Dec. ¶15). Defendant, however, claimed that even though that the case was certified, the trial could not proceed since each class member had to testify individually as to whether they worked during the times reflected on their timecards. The settlement reached in this matter is approximately 33.8% of the maximum potential recovery. As such it is reasonable in light of the risks involved in this case—including the prospect of a potential adverse summary judgment ruling, defenses to the case and another potential appeal.

**B.    The Risk, Expense, Complexity and Likely Duration of Further Litigation.**

Continued litigation of this case would have exposed Plaintiff to substantial expense, including the costs of trial preparation and including the prospect of a potential adverse summary judgment ruling, and potential appeal. Moreover, Plaintiff ran the risk of losing at trial on various issues. The prospect of "lengthy

and expensive litigation with uncertain results" clearly supports settlement. *See Nat'l Rural Telecomms. Coop. v. DirectTV, Inc.*, 221 F.R.D. 523, 523 (C.D. Cal. 2004).

### C. The Risk of Maintaining Class Action Status Throughout Trial.

Even though Plaintiff contends that all class members were employed as non-exempt employees in California and were compensated on the same basis; Defendant would still contend that the trial could not proceed on since each class member had to testify individually as to whether they worked during the times reflected on their timecards and the ever-changing law in the wage and hour class action context also raises potential issues if adverse rulings are decided prior to trial.

### D. The Amount Offered in Settlement.

The settlement reached in this matter is approximately 33.8% of the maximum potential recovery. Each class member who submitted a claim will receive, on average, approximately $1,642.33. For a wage and hour class action, this is an exceptionally good result. From Plaintiff's point of view, he also achieved a very good result based on risks of loss at trial or on motion for summary judgment. The settlement value negotiated by the parties in this case represents a fair compromise well within the range of reasonableness. *See In re Cendant Corp., Derivative Action Litigation*, 232 F. Supp.2d 327 (D. N.J. 2002) (approving settlement which provided 2% value compared to maximum possible recovery).

### E. The Extent of Discovery Completed and the Stage of the Proceedings.

Approval of a class action settlement does not require that discovery be exhaustive or that the parties engage in formal discovery procedures. *See, e.g., In re Immune Response Securities Litigation,* 497 F. Supp.2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave the parties "a clear view of the strength and weaknesses of their cases"). The fact that settlement results from arms-length negotiations following "relevant discovery" creates "a presumption that the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

**7**

agreement is fair." *Linney v. Cellular Alaska Partnership*, Nos. 96-3008, 97-0203, 97-0425, 97-0457, 1997 U.S. Dist. LEXIS 24300, 1997 WL 450064 at *5 (N.D. Cal. July 18, 1997).

Here, the parties engaged in formal discovery that enabled them to intelligently assess the risks of proceeding with litigation as opposed to settlement. Plaintiff propounded written discovery, Interrogatories and Request for Production of Documents, which required Defendant to spend substantial time and effort in gathering the requested information. (Lavi Decl. ¶¶ 6-7.) The parties also agreed to conduct informal discovery wherein Defendant provided the Plaintiff with class members' bonuses during the class period in order to allow the parties to evaluate their positions and/or claims, discussions and meetings between representatives of the Parties. *Id.* ¶¶ 6-7. Once the parties had sufficient time to analyze the data and armed with sufficient information to assess their relative strengths and weaknesses, the parties thereafter agreed to mediate and participated in a day-long mediation on December 16, 2013, before Jeff Krivis, Esq. *Id.* ¶ 6. The substantial discovery taken by the parties, which clearly enabled the parties and their counsel to formulate "a clear view of the strengths and weaknesses of their cases," strongly supports final approval.

### F. The Experience and Views of Counsel.

The opinions of experienced class counsel are entitled to "considerable weight." *West v. Circle K. Stores, Inc.,* No. 04-0438, 2006 U.S. Dist. LEXIS 767558, *17-18. (E.D. Cal. Feb. 14, 2006); *Vasquez*, 266 F.R.D. at 489. As set forth in the Declarations of Joseph Lavi and David deRubertis filed in support of this motion, Plaintiff's counsel has substantial experience litigating wage and hour class actions. (Lavi Decl. ¶¶ 3-4; deRubertis Decl. ¶¶ 5-17.) The opinion of Plaintiff's counsel that the Settlement is fair and reasonable, and that final approval of the Settlement would best serve the interests of class members because the extremely favorable result

achieved by the Settlement outweighs the risks and uncertainty of continued litigation, weighs strongly in favor of final approval.

### G. The Reaction of Class Members to the Settlement.

Not a single class member opted out of the Settlement and not a single class member has objected to the Settlement with Class Members claiming 79% of the Net Settlement Fund. (Salinas Decl. ¶¶ 14-16.) These facts demonstrate a very positive response to the Settlement that strongly supports final approval. *See Reynolds v. National Football League,* 584 F.2d 280, 287 (8th Cir. 1978) (16 objectors out of 5,400 class members provided strong evidence of no significant dissatisfaction with settlement); *In re Lifelock, Inc. Marketing and Sales Practices Litigation*, No. 08-1977, 2010 U.S. Dist. LEXIS 102612, 2010 WL 3715138, *20-22 (D. Ari. Aug. 25, 2010) (relatively few objections and requests for exclusion support approval).

## IV. COSTS, FEES, AND ENHANCEMENT PAYMENT.

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, a court may award "reasonable attorney's fees" that are "authorized by law or by the parties' agreement." Here, Defendant has agreed not to oppose a request by Plaintiff for fees and costs of up to $465,000 which is 29.0625% of the Gross Settlement Amount of $1,600,000. The amount of fees and costs requested by Plaintiff is consistent with the parties' agreement and is reasonable.

### A. The Amount Of Fees Sought By Plaintiff Is Slightly Over The Benchmark Rate of 25% In Common Fund Cases.

The Ninth Circuit has established the rate of 25% as the "benchmark" for an award of attorney's fees in common fund cases. *See Paul, Johnston, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989); *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Pacific Enterprises Security Litigation,* 47 F.3d 373, 379 (9th Cir. 1995); *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002); *Staton v. Boeing Co.,* 327 F.3d 938, 968 (9th Cir.

2003); *Glass v. UBS Financial Services, Inc.,* 331 Fed.Appx. 452, 457 (9th Cir. 2009).

Here, the common fund is $1,600,000 and Plaintiff requests fees of $465,000 which is 29.0625% of the Gross Settlement Amount.

### B. There Is Justification For The Slight Upward Adjustment Of The Benchmark Rate From 25% to 29.0625%.

District courts may adjust the benchmark rate in common fund cases to account for "unusual" or "special" circumstances. *Paul, Johnston,* 886 F.2d at 272; *Six (6) Mexican Workers,* 904 F.2d at 1311; *Pacific Enterprises,* 47 F.3d at 379. The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases. *See Vizcaino,* 290 F.3d at 1048; *see also Hanlon,* 150 F.3d at 129 (relevant factors include the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of non-payment); *Pacific Enterprises,* 47 F.3d at 379 (33.3% rate justified by "complexity of the issues and the risks"); *Vizcaino,* 290 F.3d at 1048 (28% rate justified because plaintiff achieved "exceptional results" and case was "extremely risky for class counsel"); *Vasquez v. Coast Valley Roofing, Inc.* (B.D. Cal. 2010) 266 F.R.D. 482, 492 (33.3% rate justified by "good result achieved for Plaintiffs, the risk counsel took in pursuing the matter, and the skill they exhibited in prosecuting the case).

Here, adjusting the benchmark rate slightly upwards from 25% to 29.0625% is warranted. This case was a risky litigation for Class Counsel. This case has been pending for almost four years. Class Counsel took the case on a contingency basis and pursued the case through appeal to revive the matter. In counsel's experience, the risks of prosecuting a class action case such as this are significant. Class Counsel has expended substantial time in the prosecution of this litigation without any direct

compensation and has advanced litigation costs on a contingency basis, carrying the risk that this time and the out-of-pocket costs of $17,549.00 would be lost if the case were not resolved successfully. (Lavi Decl. ¶¶ 23, 25.) Litigating this case also precluded other employment. As relatively small law firms, Class Counsel can only properly litigate a limited number of cases at one time. The professional demands of this case were significant, requiring approximately 638 hours of attorney time as outlined below. (Lavi Decl. ¶¶ 27-30; deRubertis Decl. ¶¶ 3-4, 18.) Class Counsel was necessarily precluded from working on other cases while working on this case. In addition, Class Counsel have obtained excellent results for the class. After reviving the case on appeal and certifying the class, the settlement has resulted in an average class payment of $1,642.33 to 520 Class Members.

Application of these factors typically results in adjusting the benchmark rate upwards and the requested rate of 29.0625% is well-within the range of class action awards. *See Singer v. Becton Dickinson and Co.,* No. 08-CV-821, 2010 U.S. Dist. LEXIS 53416, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (noting awards in class action cases where fees ranged from 30.3% to 40%); *Craft v. County of San Bernardino,* 624 F.Supp.2d 1113, 1125 (C.D. Cal. 2008) (25% "is substantially below the average class fund fee nationally"); *Vasquez,* 266 F.R.D. at 491 (citing to class actions where fee awards ranged from 30% to 40%).

### C. The Amount Of Fees Requested By Plaintiff Is Also Reasonable Based On A Lodestar Analysis.

A lodestar analysis in this case supports the conclusion that the amount of fees requested by Plaintiff under the percentage of the fund approach is reasonable. The estimate of the hours worked by Counsel in this matter is as follows:

**THE deRUBERTIS LAW FIRM, APC**

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| David deRubertis | 447 | $650.00 | $290,550.00 |

**LAVI & EBRAHIMIAN, LLP**

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN

11

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Joseph Lavi | 176 | $600.00 | $105,600.00 |
| Jordan D. Bello | 15 | $450.00 | $6,750.00 |
| | | | |
| Total | | | $402,900 |

(*See* Lavi Decl. ¶¶ 27-30; deRubertis Decl. ¶¶ 3-4, 18.)

As set forth in the declaration of Plaintiff's counsel, a lodestar calculation reflects that Plaintiff's request for fees and costs in the combined amount of $402,900 results in a lodestar multiplier of less than 2. ($465,000 ÷ $402,900 lodestar = 1.1541 multiplier). A lodestar multiplier of less than 2 is extremely modest and well below much higher lodestar multipliers commonly awarded in class actions. *See, e.g., Craft v. County of San Bernardino,* 628 F.Supp.2d 1113, 1125 (C.D. Cal. 2008) (multiplier of 5.2); *In re Merry-Go-Round Enterprises, Inc.,* 244 B.R. 327 (Bankry D. Md. 2000) (multiplier of 19.6); *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.,* No. 03-4578, 2005 WL 123926 (E.D. Pa. May 19, 2005) (multiplier of 15.6); *In re Rite Aid Corp. Sec. Litigation*, 146 F.Supp.2d 706 (E.D. Pa. 2001) (multiplier of 4.5-8.5); *In re Cendent Corp. PRIDES Litigation*, 243 F.3d 722, 732 (3d Cir. 2001) (multiplier of 7); *In re Rite Aid Corp. Sec. Litigation*, 362 F.Supp.2d 587 (E.D. Pa. 2005) (multiplier of 6.96); *In re Beverly Hills Fire Litigation,* 639 F.Supp. 915 (E.D. Ky. 1986) (multiplier of 5); *Steiner v. American Broadcasting Co.,* 248 Fed.Appx. 780, 783 (9th Cir. 2007) (multiplier of 6.85).

**V.  THE AMOUNT OF ENHANCEMENT PAYMENT REQUESTED BY PLAINTIFF IS REASONABLE.**

Plaintiff has requested an enhancement payment in the amount of $5,000. This request comports with ample precedent. "It is well established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service payments." *Wren v. RGIS Inventory Specialists,* No. 06-05778, 2011 U.S. Dist. LEXIS 38667, *92, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011). As

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CASE NO. CV-00164-RGK-MAN**

12

the Ninth Circuit has observed, incentive payments to named plaintiffs are now "fairly typical." *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 958 (9th Cir. 2009).The enhancement sought by Plaintiff is reasonable in comparison to enhancements awarded in other class action settlements. The enhancement is also reasonable in comparison to the amount of settlement benefits to be received by class members. Since class members who submitted claims will receive, on average, $1,642.33 with other class members who did not risk anything receiving up to $4,178.79 (Salinas Decl. ¶ 13), an enhancement of $5,000 is extremely modest. Typically, enhancement payments awarded to successful class action plaintiffs are proportionally much higher than two and a half times the average amount of class member benefits.

## VI. CONCLUSION.

Plaintiff respectfully requests the Court to grant Plaintiff's motion for final approval of the Settlement and award Plaintiff the full amounts of costs and fees and enhancement payment requested.

Dated: July 7, 2014   Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By:  /s/ Joseph Lavi, Esq.
     Joseph Lavi, Esq.
     Attorneys for PLAINTIFF JESUS LEYVA and others similarly situated